In re David G. **HOUGH** and Deborah A. Hough, d/b/a David Hough Trucking, Debtors.

David G. **HOUGH** and Deborah A. Hough, Plaintiffs,

v.

**REILLY TIRE CORPORATION OF SOUTH BURLINGTON, Defendant.**

Bankruptcy No. 85–00067.
Adv. No. 85–0044.

United States Bankruptcy Court, D. Vermont.

July 19, 1985.

David D. Robinson, Rutland, Vt., for debtors.

Douglas J. Wolinsky, Burlington, Vt., for Reilly Tire Corp.

## MEMORANDUM OPINION

CHARLES J. MARRO, Bankruptcy Judge.

The matter is before the court on the complaint of the debtors (Hough) to avoid the lien of Reilly Tire Corporation (Reilly) on certain tires owned by the debtors on bankruptcy day. The matter came on regularly for a hearing on June 25, 1985. From the representations of counsel, the testimony in the case and the papers and records of the court, the following facts are established.

### FACTS

The debtors filed a petition for relief on April 10, 1985.

Reilly is a supplier of truck tires who both sells and services tires. In 1984, Hough purchased some tires from Reilly subject to a security agreement granting Reilly a security interest in "All tires, wheels, rims, tubes, and related equipment, now owned or hereafter acquired, together with replacements, repairs, and accessions thereto and sales or insurance proceeds thereof." The collateral secures payment of "any indebtedness or liability of the debtor to the Secured Party, direct or indirect, absolute or contingent, due or to become due, now existing or hereafter aris-ing, including all future advances or loans which may be made ..." Reilly filed financing statements signed by the debtors at the office of the Secretary of State and at the office of the Town Clerk in the town where Reilly does business with the debtors. The financing statements were filed in 1984 and adequately described the collateral.

Today, Reilly seeks to recover the amount of its proof of claim, being $8,890.40 plus interest at 18% per annum. The debtors have placed into escrow funds sufficient to satisfy the obligation, in the event the tires Reilly supplied to the debtors are not accessions to Hough's vehicles, and provided that Reilly's security interest in the tires was perfected by filing under the U.C.C.

When the debtors bought tires from Reilly, Reilly, upon instruction of the debtors, either placed them in service on the debtors' vehicles or, alternatively, placed them in an identified pool of replacement tires which the debtors stored at Reilly's. When Reilly, by instruction of the debtors, placed a tire of the debtors in service on a vehicle, both the debtors and Reilly regarded the tire as a fungible element among the tires of the debtors, to be used over the road or maintained in the replacement tire pool of the debtors as circumstances required.

### DISCUSSION

At issue are whether the tires Reilly placed in service on the debtors' vehicles are to be considered accessions to the vehicles, and if the tires are not accessions to the vehicles on which they were placed, whether Reilly perfected his security interest by filing in accordance with the U.C.C.

Tires are detachable accessories and, unless intention to the contrary is clearly shown, they are not merged in the vehicle on which they are placed, and do not become a part of a motor vehicle by the law of accession. 1 Am.Jur.2d, Accession and Confusion § 8 at p. 278. On this basis, the tires Reilly placed in service by instruction of the debtors on the debtors' vehicles are not accessions to the vehicles.

In determining whether an element which is placed in service as part of a larger unit is an accession, or, alternatively, a mere accessory, special emphasis is given to the intention of the parties to the occurrence, and to the intention of the person making the annexation. *Id.* (citations omitted). The crucial question is whether the annexation was made with the intention that the annexation be permanent. *See Hartford National Bank and Trust Co. v. Harvey*, 420 A.2d 230, 235 (Me.1980). In the instant case, neither the debtors nor Reilly intended that any tire which Reilly affixed to any of the debtors' vehicles was to be a permanent addition to the vehicles; rather the tire was regarded as a fungible element among the debtors' tires, to be removed from over-the-road service and maintained in the replacement tire pool of the debtors as circumstances required. Neither the debtors nor Reilly had the intention that any tire supplied by Reilly and placed in over-the-road service was a permanent accession to the vehicles; rather the tires were fungible accessories to the vehicles on which they were placed.

Reilly's security interest was perfected by filing in accordance with the U.C.C. The tires represent goods, and the transfer of the tires from Reilly to the debtors under a security interest and chattel mortgage was a transaction intended for security subject to U.C.C. Article IX. While it is true that security interests in accessions of a vehicle are perfected on the certificate of title in the same manner as security interests in the vehicles itself, *See In re Lyford*, 34 U.C.C.Rep.Serv. 754 (Bankr.D.Me.1982), the tires in this case were not accessions to the vehicle and thus were outside the purview of the statute governing the perfection of security interests in accessions to vehicles.

For the reason that on bankruptcy day Reilly was the holder of a perfected security interest in the tires of the debtors, the debtors' motion to avoid Reilly's lien is DENIED. Judgment to be entered accordingly.